Eastern District of Kentucky
FILED

SEP 2 6 2008

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 08-cr-149-KSF

UNITED STATES OF AMERICA                                                PLAINTIFF

V.                         **PLEA AGREEMENT**

FARRELL MARCUM                                                           DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the Indictment, charging a violation of 21 U.S.C. § 846, attempt to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

2. The essential elements of the offense charged in the Indictment are:

    (a) that the defendant intended to commit the crime of knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and

    (b) that the defendant did some over act that was a substantial step towards committing that crime.

3. As to the offense charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) On July 16, 2008, the Defendant called a person, who unbeknownst tot he Defendant was cooperating with law enforcement. The Defendant wanted to purchase

cocaine from the cooperating defendant. During a series of telephone calls, the cooperating defendant agreed to sell the Defendant approximately three ounces of cocaine. The Defendant and the cooperating defendant agreed to meet at a location in Lexington to complete the transaction. The Defendant subsequently arrived at the agreed to location on July 16 and was arrested.

(b) The quantity of cocaine the Defendant wanted to purchased from the cooperating defendant is consistent with distribution and not mere personal use. Cocaine is a Schedule II controlled substance.

4. The statutory punishment for the offense charged in the Indictment is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2007, manual, will determine the Defendant's guideline range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct set forth in paragraph 3.

(c) Pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(12), the base offense level is 16 because the offense involved at least 50 grams but less than 100 grams of cocaine.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant agrees that he intended to use the $2,850.00 in United States currency seized from him on July 16, 2008, to purchase cocaine, and therefore forfeits to the United States his interest in the money and will make no claim, either administrative or judicial, for the return of the money.

9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

10. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant

3

should not receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

JAMES A. ZERHUSEN
UNITED STATES ATTORNEY

Date: 9-26-08    By: *(signature)*
Kevin C. Dicken
Assistant United States Attorney

Date: 9-17-08    *(signature)*
Farrell Marcum
Defendant

4

Date: 9/22/08

_____
Scott Hayworth
Attorney for Defendant

**APPROVED**, this 26TH day of Sept., 2008.

_____
UNITED STATES DISTRICT JUDGE